UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
JAMES LLAMAS,

                Movant,

-against-                                             16-cv-5028 (LAK)
                                                        [95-cr-0864 (LAK)]

UNITED STATES OF AMERICA,

                Defendant.
------------------------------------x

**ORDER**
**(Corrected)**

LEWIS A. KAPLAN, *District Judge.*

       The Court has considered the matter remanded to it by the Court of Appeals. It makes the following findings and observations:

       1.      This Court has been no more able to find a physical or electronic copy of the February 14, 1997 order denying Llamas's first 2255 motion than was the Court of Appeals. Among other problems, it appears from a published obituary that the attorney who filed the *Anders* brief on direct appeal that asserted that the denial was for prematurity and not on the merits has passed away. The only further avenue for exploration is whether Llamas's present counsel on the proposed new 2255 motion, whose motion papers state that a prior 2255 motion was denied on February 14, 1997 without stating the basis for that ruling, can provide a copy of that order or otherwise shed light on the matter. She is directed to provide such information on this point as she can ascertain

       2.      The Court of Appeals' order noted that the civil docket number for the 1997 filing, 97-cv-281, appears to have been on behalf of another person, "James Castro." That inference is understandable. But the docket sheet contains also the Bureau of Prisons ("BOP") register number for the movant. 38052-054, and cross references the criminal docket sheet, 96-cr-864. The BOP inmate locator web site identifies inmate 38052-54 as James Llamas. That coupled with the reference to 96-cr-864, in which Llamas was a defendant and there is no reference to any James Castro, leads me to find that 97-cv-281 was filed by Llamas and that the docket entry of the name James Castro is incorrect.

       3.      Finally, the BOP inmate locator web site indicates that movant was released from BOP custody on January 19, 2018. The Court's Probation Office advises that Llamas completed his term of supervised release on January 18, 2021. It therefore appears that the proposed

2255 motion should be denied as moot.

       In the circumstances, movant's counsel is directed to provide the Court with the information referred to in paragraph 1, and movant is directed to show cause why this motion should not be denied as moot, *each on or before March 15, 2021.*

       SO ORDERED.

Dated:      February 16, 2021

                                                  Lewis A. Kaplan
                                          United States District Judge